UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| CONLEY ROSS FAIR #122153 | ) | |
| | ) | |
| v. | ) | NO. 2:11-CV-42 |
| | ) | *Judge Jordan* |
| DAVID OSBORNE, Warden | ) | |

**MEMORANDUM OPINION**

This *pro se* petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 is before the Court upon petitioner Conley Ross Fair's motion to stay his petition, (Doc. 11), pending exhaustion of constitutional claims raised in his state post-conviction petition.

As a precondition to habeas corpus relief, a petitioner must demonstrate that he has exhausted all available state court remedies, or that there is an absence of state corrective process, or that resort to those remedies would be futile. 28 U.S.C. § 2254(b)(1). If there is any opportunity to raise a claim by any available state process, a petitioner must do so to satisfy the exhaustion requirement. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). A federal district court must dismiss a mixed habeas petition — one which contains both exhausted and unexhausted claims. *Pliler v. Ford*, 542 U. S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)).

However, dismissing a mixed petition filed close to the expiration of the one-year statute of limitations in § 2244(d)(1) might cause a petitioner to lose his opportunity for habeas corpus relief forever because the limitations statute could prevent him from refiling his federal petition once the claims have been exhausted. A similar problem also arises when

court determines, only after the lapse of the limitations statute, that a § 2254 petition contains unexhausted claims along with exhausted ones. Under these conditions, a federal court is authorized to stay and abate a mixed habeas corpus petition. *Rhines v. Weber*, 544 U.S. 269 (2005).

The application of the limitations statute to Petitioner Fair reveals that neither of the scenarios which call for abatement of a § 2254 petition is present in the instant case. As noted in a prior order in this case, the Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a writ of habeas corpus, and it begins to run, as pertinent here, at the conclusion of direct review. 28 U.S.C. § 2244. The statute also contains a time-tolling feature: The entire time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

Fair pursued a direct appeal through all levels of state court review, with the Tennessee Supreme Court denying his application for permission to appeal on October 20, 2010, (Doc. 12, Addendum 1, Doc. 5). Ninety days later, or January 19, 2011, when the time expired for filing a petition for a writ of certiorari in the U. S. Supreme Court, Fair's conviction became final and AEDPA's one-year clock began to tick.

According to the Status Report Warden Osborne filed in response to the Court's order, (Docs. 17-18), Fair filed his post-conviction petition in the Unicoi County, Tennessee

Criminal Court on September 27, 2011. The Report also shows that the state court placed this matter on its docket for December 19, 2012, at which time Fair was to be appointed an attorney and a status conference was to be held.

The filing of the post-conviction petition in the Unicoi County court stopped AEDPA's clock, after it had ticked for 251 days, leaving 114 days on the one-year clock (365 - 251 = 114). AEDPA's clock will remain halted and will only resume ticking when Fair's post-conviction proceedings have terminated in the state courts (including all state appellate courts which are asked to review his petition). Given the posture of the proceedings in the lower state court, this is unlikely to happen anytime soon.

At this point, with only 251 days consumed on 365-day clock and with the clock stopped, the Court concludes that Fair's petition has not been filed close to the expiration of the one-year statute of limitations in § 2244(d)(1). It further concludes that the dismissal of the federal petition will not deny Fair an opportunity to return to this Court, with his exhausted claims in tow, to file a habeas corpus petition since the AEDPA clock, once it restarts, will still have several months left to tick. True, Fair must monitor his state post-conviction proceedings and, once those proceedings are terminated, he must return to this Court to file promptly a timely habeas corpus petition. However, monitoring the state court case does not impose an onerous, additional burden on Fair, given that he is already obliged to do so. *See Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1412 (9th Cir. 1986) ("A party has an independent duty to keep informed [as to his status of his case.]").

3

Case 2:11-cv-00042 Document 19 Filed 02/21/13 Page 3 of 4 PageID #: 172

Put simply, Fair has not shown that the stay-and-abate procedure is appropriately employed in his case, and thus, his motion to stay his habeas corpus petition is **DENIED**, (Doc. 11). His petition, accordingly, will be **DISMISSED** without prejudice to his right to refile this case in a timely manner following exhaustion of his state court remedies.

A separate order will enter.

**ENTER**:

/s/ Leon Jordan
LEON JORDAN
UNITED STATES DISTRICT JUDGE